IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| DEE A. RHOADES, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CV 06-466-E-BLW |
| | ) | |
| vs. | ) | **INITIAL REVIEW ORDER** |
| | ) | |
| JAMES PENDELBURY, KELLY D. | ) | |
| MALLARD, KIM MARSHAL, JON | ) | |
| STOSICH, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff's Complaint was conditionally filed on November 20, 2006.  The Court
now reviews the Complaint to determine whether summary dismissal is appropriate.  *See*
28 U.S.C. §§ 1915A.  Having reviewed the record, and otherwise being fully informed,
the Court enters the following Order.

## REVIEW OF COMPLAINT

**A.     Background**

Plaintiff's claims arise from his state criminal conviction and sentence.  He alleges
that his criminal defense attorney Kelly Mallard gave false testimony at Plaintiff's Rule
35 hearing, and that Mallard conspired with Kim Marshal and Prosecutor James
Pendelbury to coerce Judge St. Clair into denying his Rule 35 motion, thus upholding his
seven-year sentence.

In his Complaint, Plaintiff characterizes his claims as follows:

**INITIAL REVIEW ORDER  1**

> Due Process - right to a fair trial, acquiring a guilty plea by false information.  Not honoring plea agreement at sentencing.  Oral plea agreement made [illegible] to signed agreement, ineffectiveness of counsel, original appointed counsel had to be substituted, breach of client counsel confidentiality, perjury at Rule 35 hearing by both substituted counsel and prosecutor by conspiring together for a conviction.  Mr. Ken Marshall also committed perjury by giving false testimony as to the agreement and the events taken by me to fulfill said oral agreement -- 3 separate agreements were made and the state honored only the written agreement that I was coerced to sign by counsel by making false promises.  Unlawful imprisonment, violating constitutional rights.

*Complaint*, at p. 3 (Docket No. 3).  Plaintiff also alleges that he is actually innocent and that his sentence should be vacated.  *See id.*, at p. 10.

**B.    Applicable Law and Discussion**

The Court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or employee to determine whether summary dismissal is appropriate.  28 U.S.C. § 1915A.  The Court must dismiss a complaint or any portion thereof which states a frivolous or malicious claim, which fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.  *Id.*

Plaintiff brings his claims under 42 U.S.C. § 1983, the civil rights statute.  To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law.  *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

Not every type of alleged constitutional violation can be brought under § 1983.  In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held that, "in order

**INITIAL REVIEW ORDER  2**

to recover damages for allegedly unconstitutional conviction or imprisonment, or for

other harm caused by actions whose unlawfulness would render a conviction or sentence

invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on

direct appeal, expunged by executive order, declared invalid by a state tribunal authorized

to make such determination, or called into question by a federal court's issuance of a writ

of habeas corpus [under] 28 U.S.C. § 2254."  As a result, "a claim for damages bearing

that relationship to a conviction or sentence that has not been so invalidated is not

cognizable under § 1983."  *Id*.

In other words, when a state prisoner seeks damages in a § 1983 suit, the district

court must consider whether a judgment in favor of the plaintiff would necessarily imply

the invalidity of his conviction or sentence; if it would, the complaint must be dismissed

unless the plaintiff can demonstrate that the conviction or sentence has already been

invalidated.  *Id.*

Here, a judgment in favor of Plaintiff on his civil rights claims would imply the

invalidity of the state criminal proceedings.  Plaintiff asserts that he is innocent of his

conviction and that he is being illegally incarcerated as a result of the constitutional

violations alleged.  As presented, the allegations of the Complaint fail to state a

cognizable claim under § 1983 because it is clear that Plaintiff has not been successful in

challenging the criminal conviction and sentence through the proper channels, *i.e*., direct

appeal, post-conviction, and/or habeas corpus.  Further, release from prison or other

similar injunctive relief regarding state criminal cases is not available in a federal civil

**INITIAL REVIEW ORDER  3**

rights action.  Rather, such a claim must be brought as a habeas corpus action after proper exhaustion of state court remedies.  *See Preiser v. Rodriguez*, 411 U.S. 475 (1973).

Because amendment would be futile, the Court shall dismiss Plaintiff's claims without prejudice.  Plaintiff should be aware that the statute of limitation for a § 1983 action that is dependent upon a prior state court action to invalidate a conviction or sentence does not begin to run until the conviction or sentence is reversed, expunged, or declared invalid, because the § 1983 cause of action does not arise until the state court action is completed.  *See Heck v. Humphrey*, 512 U.S. at 489.

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Complaint (Docket No. 3) is DISMISSED without prejudice.  As a result, his Motion to Proceed in Forma Pauperis (Docket No. 1) is MOOT.



DATED:  **January 16, 2007**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**INITIAL REVIEW ORDER  4**